IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mario Anton Lee, | ) | C/A No.: 5:23-3423-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Warden Joseph, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mario Anton Lee ("Petitioner") is a federal prisoner incarcerated at Federal Correctional Institution Bennettsville, a facility of the federal Bureau of Prisons ("BOP"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Petitioner's Motion to transfer pursuant to 28 U.S.C. § 1404. ECF No. 26. Respondent filed a Response to Petitioner's Motion on November 13, 2023. ECF No. 28. For the reasons that follow, the undersigned recommends the district judge transfer this case to the United States District Court for the Northern District of Alabama.

I.      Factual and Procedural Background

Petitioner filed the instant habeas petition seeking to challenge the manner in which his sentence is being carried out, calculated, or credited by prison or parole authority. ECF No. 1-3 at 1. Petitioner indicates he was convicted in 2011 of one count of conspiring to distribute cocaine base, one count of possessing with intent to distribute heroin, one count of possessing with intent to distribute marijuana, and three counts of money laundering and he was sentenced to 101-years imprisonment. ECF No. 1-4 at 14–15. Petitioner states his sentence was reduced under the Fair Sentencing Act to 360-months imprisonment, which was ten years over the statutory maximum of twenty years. ECF No. 1-3 at 2. Petitioner claims his 360-month sentence

is not authorized under 21 U.S.C. § 841(b)(c) and therefore his continued incarceration is unconstitutional. *Id*. at 6.

On September 20, 2023, Respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment, on the claims raised in the instant habeas petition. ECF No. 19. On October 2, 2023, Petitioner filed a response in opposition to Respondent's Motion in which he clarified his petition contending he was challenging the execution of his sentence and the legality of his detention. ECF No. 22 at 2. Petitioner contends the court erred when it orally reduced his sentence to 360-months, and in its order reduced his sentence to 25-years. *Id.* at 3–4. Petitioner claims both these sentences are unconstitutional. *Id.* In a Reply filed on October 10, 2023, Respondent contends the arguments raised by Petitioner should be brought pursuant to 28 U.S.C. § 2255, not a § 2241 habeas petition. ECF No. 23. Petitioner subsequently filed a motion to transfer his petition on October 30, 2023. ECF No. 26.

II.     Discussion

Petitioner moves to transfer the instant Petition in the interest of justice pursuant to 28 U.S.C. § 1404(a).  ECF No. 26. Petitioner seeks to pursue an ineffective assistance of counsel claim contending his trial counsel argued his "Sixth Amendment Apprendi wrong," and the sentencing court procedurally defaulted the argument. *Id*. at 2. Petitioner argues this was a clear error of law. *Id.* at 3. Petitioner asks the court to transfer his petition to his sentencing court for an evidentiary hearing and further development of the record. *Id.*

In his Response to Petitioner's Motion, Respondent argues Petitioner's pending motion should be dismissed as the court lacks subject matter jurisdiction to consider the merits of Petitioner's claim. ECF No. 28.  However, Respondent notes the transfer of Petitioner's petition to the Northern District of Alabama may be appropriate in the interest of justice as the Northern

District of Alabama has jurisdiction to consider whether Petitioner's successive appeal may be heard. *Id.*

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). However, a court may transfer any civil action for the convenience of the parties or witnesses, in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, courts have treated them as civil actions when determining jurisdiction. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir.2000). *See also, U. S. ex rel. Meadows v. State of N. Y.*, 426 F.2d 1176, 1183 (2nd Cir. 1970), n.9 (explaining habeas proceedings are subsumed under phrase any civil action within the meaning of statute providing for transfer of any civil action for convenience of parties and witnesses, in the interest of justice).

The allegations in Petitioner's habeas petition indicate he seeks to challenge a sentence imposed by the United States District Court for the Northern District of Alabama, and requests that his instant petition be transferred to this district. ECF No. 27. As it appears the court best situated to grant Petitioner relief is a district court located in the state of Alabama the undersigned recommends this case be transferred to the Northern District of Alabama.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Petitioner's

Motion to Transfer, ECF No. 26, and transfer this case to the Northern District of Alabama. If the court accepts this recommendation, Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, ECF No. 19, and Petitioner's Motion for Mediation, ECF No. 36, will be rendered moot.

    IT IS SO RECOMMENDED.

July 23, 2024                                                  Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).