FILED
2026 Sep-15 AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARIO ANTON LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-01109-MHH-HNJ |
| | ) | |
| WARDEN JOSEPH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

In 2001, a federal jury convicted Mario Anton Lee on six counts involving drug and money laundering charges in Case No. 2:00-cr-347. (Doc. 19-1, p. 38; *see* Case No. 2:00-cr-347, Docs. 176-178, 180-182). The Court sentenced Mr. Lee to five consecutive 20-year terms of imprisonment and one consecutive 5-year term of imprisonment for a total prison sentence of 105 years followed by 36 months of supervised release. (Doc. 19-1, pp. 38–40; *see* Case No. 2:00-cr-347, Doc. 218). In 2019, the Court granted Mr. Lee's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) and sentenced Mr. Lee to 360 months as to Counts 2, 3, 9, 10, and 11 to run concurrently and five years as to Count 4 to run concurrently with the other counts for a total sentence of 360 years of imprisonment. (Doc. 19-1, pp. 41-42; *see* Case No. 2:00-cr-347, Docs. 334, 346). Mr. Lee now seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Mr. Lee contends that his 360-month sentence

exceeds the applicable 240-month statutory maximum, and he asks this Court to order his immediate release from federal custody. (*See* Doc. 1, pp. 3, 6).[1]

Magistrate Judge Johnson, the magistrate judge assigned to this case, has entered a report in which he recommended that the Court dismiss Mr. Lee's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for lack of subject matter jurisdiction. (Doc. 49). The Clerk of Court has docketed two sets of objections to the report from Mr. Lee. (Docs. 50, 51).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No.

[1] Mr. Lee framed his petition as one brought pursuant to 28 U.S.C. §§ 2241, 2243, and 2244. (Doc. 1, p. 1).

94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Lee acknowledges that he is using his habeas petition to collaterally attack his federal sentence. (*See* Docs. 50, 51). As Magistrate Judge Johnson explained in his report:

> A federal prisoner who collaterally attacks the legality of his conviction or sentence must file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255(a),[ ] unless § 2255(e)'s "saving clause" permits him to file a § 2241 habeas petition. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'…Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection." (quoting 28 U.S.C. § 2255(a)).
>
> ***********
>
> In *McCarthan*, the Eleventh Circuit recognized two circumstances in which a motion to vacate stands "inadequate or ineffective to test" a prisoner's claim. *See McCarthan*, 851 F.3d at 1092-93. First, a prisoner may file a § 2241 petition for a writ of habeas corpus instead of a § 2255 motion "to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *Id.* at 1092-93. Second, a prisoner may file a § 2241 petition "when the sentencing court is unavailable," such as when the "sentencing court has been dissolved" or "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." *Id.* at 1093. The record before the undersigned does not support a finding that either of these exceptions apply to Lee's claim.

(Doc. 49, pp. 9–10, 12–13) (footnote omitted). Nothing in Mr. Lee's objections warrants a different conclusion. (*See* Docs. 50, 51).

Therefore, if Mr. Lee wishes to challenge his current sentence, he must file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255(a), (*see* Doc. 49, pp. 9–13), but first, Mr. Lee must obtain permission from the United States Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 motion, (*see* Doc. 49, pp. 13–15).[2]

---

[2] As written, Mr. Lee's current sentence, imposed by a district judge who has retired, appears to exceed the statutory maximum for counts 9, 10, and 11. When the Court resentenced Mr. Lee in 2019, the Court imposed a sentence of "360 months as to Cts. 2, 3, 9, 10, & 11" with "all counts, including the 5-year sentence as to Count 4, to run concurrently with each other." (Case 2:00-cr-347, Doc. 346, p. 1) (bold omitted). The presentence report for Mr. Lee's case indicates that the statutory maximum for counts 2 and 3 was life imprisonment, the statutory maximum for count 4 was five years, and the statutory maximum for counts 9, 10, and 11 was 20 years. Therefore, the 360-month sentence for Counts 9, 10, and 11 appears to exceed the statutory maximum by 120 months per count. Notably, in the initial judgment, which another judge imposed, the Court imposed a sentence of 20 years for counts 2, 3, 9, 10, and 11 and a five-year sentence for count 4, so that the sentences for all counts were within the statutory maximum. (Case 2:00-cr-347, Doc. 218, p. 2). The total sentence in the original judgment was 105 years because the Court ran each count consecutively. (Case 2:00-cr-347, Doc. 218, p. 2).

In *United States v. Orr*, the Eleventh Circuit Court of Appeals held that a sentencing decision like the resentencing order in this case was plain error. 2024 WL 2153430 (11th Cir. May 14, 2024). In that case, the parties stipulated to a sentence of 96-months for three counts, one of which "carried a 5-year statutory maximum." 2024 WL 2153430 at *1. At the sentencing hearing, the Court accepted the parties' stipulated sentence and imposed a 96-month sentence as to the three counts of conviction with the sentence for each count to run concurrently with the other counts for a total sentence of 96 months. 2024 WL 2153430 at *1. The Eleventh Circuit held that the 96-month sentence on the count with a five-year statutory maximum was illegal. The Court of Appeals explained:

> A sentence exceeding the statutory maximum for a given offense is an illegal sentence. *United States v. Cobbs*, 967 F.2d 1555, 1557–58 (11th Cir. 1992). An illegal sentence affects a defendant's substantial rights and seriously affects the

Accordingly, the Court adopts Magistrate Judge Johnson's report and accepts his recommendation. Consistent with that recommendation, by separate order, the Court will dismiss Mr. Lee's § 2241 petition without prejudice for lack of subject matter jurisdiction.

The Court denies Mr. Lee's Petition for Evidentiary Hearing, (Doc. 47), as moot, and the Court denies Mr. Lee's Petition for Issuance of a Certificate of Appealability, (Doc. 48). The Clerk of Court shall please TERM Doc. 49.

**DONE** and **ORDERED** this September 14, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

fairness of the judicial proceedings. *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009); *see also United States v. Eldick*, 393 F.3d 1354, 1354 & n.1 (11th Cir. 2004) (vacating a sentence exceeding the statutory maximum and noting that such a sentence constitutes plain error). By sentencing Orr to a sentence of 96 months' imprisonment on Count One when the statutory maximum sentence for Count One was 60 months, the district court imposed an illegal sentence.

In light of this error, we remand for resentencing.

2024 WL 2153430 at **1-2.

Applying *Orr* to the record in this case, to effectuate the resentencing judge's clear intent to impose a total of 360 months of incarceration, the Court likely would have to impose a total term of 360 months consisting of 360 months as to counts 2 and 3, 60 months as to count 4, and 240 months as to counts 9, 10, and 11, all to run concurrently. If there is an error in the current judgment, that error likely occurred because the Court used an abbreviated judgment form to effectuate a resentencing pursuant to 18 U.S.C. § 3582(c)(2).